Good morning, Your Honors. Thomas Kelly for the appellant. May it please the Court. Appellant appears today seeking review... Let me just ask you before you begin, do you want to reserve any time for rebuttal? Thank you, Judge. Yes, five minutes, please. All right. Appellant appears today seeking review of the Bankruptcy Court's decision awarding attorney's fees to appellees following a non-dischargeability action by appellant regarding an eviction judgment against the appellees. This action, the underlying adversary proceeding, was an action on a judgment. It was not an action on a contract. In the decision announced by the Court, it relied... There were two bases presented for attorney's fees. The first was 11 U.S.C. 523D. The Bankruptcy Court denied that motion on the basis that the Court found there was substantial justification for the action. And instead, the Court relied upon California Code of Civil Procedure Section 1021, which provides that attorney's fees are recoverable pursuant to the agreement between the parties, generally speaking, the contract. In this action, there was no contract action. The Court did not consider, for example, the elements of a contract, formation, consideration, breach, damages. Rather, it was exclusively whether or not the judgment was dischargeable or not pursuant to federal law. There was no, in my opinion, opinion of appellees. There was no State court claim here for attorney's fees. So are you saying they shouldn't have considered, the Court should not have considered Sections 1021 and CCP 10 or Civil Code 1021 and 1032, notwithstanding the broad language in the contracts regarding attorney's fees? Is that... Well, the language of 1021 exclusively, Judge, is that, and I'm quoting the statute right now, the measure and mode of compensation of attorneys and counselors is left to the agreement expressed or implied of the parties. So that means that you're interpreting the contract provisions. And we have a problem there, which I point out in my brief, which is the Court did not appear to know which contract it was awarding attorney's fees under. Now, there are three different... Right. There's the lease, the option, and the purchase agreement. Right. That's correct. And if you read the quote from the Bankruptcy Court, actually, this is the March 4, 2025 hearing. So I'm quoting it now. So with what I think I have, I think the right answer is to allow the fees that Mr. Olson is asking under Section 1021. When I pressed the Bankruptcy Court further to inquire as to what was the nature of whether or not Section 1021 or the contract provision, you know, what was the basis that the motion was being granted, I specifically asked, and it's on the record, are you holding that the dischargeability action was an action on the contract? The Court said no, it's not an action on the contract. Rather, I don't think, as I said, no, no, I don't think I have to go there. I don't think 1021 requires that. California law does. And that's the Sentesis and the Jaffe case, which I quote in my brief. Well, let me back you up a little bit here, because, and kind of not necessarily back you up, but ask you the bigger picture question. There is a BAP case. It's called In re Tenejero. Nobody cited it. It's the citation is 2020 WL 467-3235, which seems to address this issue directly. There was a decision by Judge Laura Taylor, joined by Judge Gary Spraker, and dissent by Judge Rob Ferris. And, you know, the question is, how do you deal with this exact situation? You know, is the — and it cites the Jaffe case. You know, does the completion of your underlying State court judgment, does that address the question of attorneys' fees? That's really the larger question, I think, today. Okay. Well, there it is, the dreaded appellate oral argument where the court has done better research than the attorneys. Okay. Don't worry. I'm going to give you folks — this is an important issue, and I'm going to give you folks an opportunity to brief it. Well, thank you. Judge, my reading of the Jaffe case, and I'm quoting it right now at 934, when a judgment is rendered on a case involving a contract that includes attorneys' fees and cost provision, the judgment extinguishes all further contractual rights, including the contractual attorneys' fees clause. That's the case itself. And in this instance, the adversary proceeding is exclusively an action on the judgment. It is not an action on the contract. Isn't it — isn't it really — I mean, it's separate. Your judgment wasn't for fraud. Your judgment was a UD judgment in State court, right? Correct. Unlawful detainer. They have to get out. Correct, Your Honor. Right? So — and now you're — and then you got to bankruptcy and you have a claim and you want it to be not discharged, so you're alleging, which the court found that you were substantially justified in — in alleging or non-dischargeability claim, that the whole transaction was fraudulent from the start. So you're — aren't you alleging a separate cause of action for fraud? I don't — Non-dischargeability based on fraud? My understanding of adversary proceedings under 523A2, A4, and A6 is that you must demonstrate fraud in the inducement of one form or fashion, or it's a breach of some duties, such as a fiduciary duty, defalcation, and so forth. And it's spread between those three different sections. Whether — those are the sections that can create a debt that is non-dischargeable. Whether that gives rise to a cause of action for fraud, I would — I would push back on that, saying you have a cause of action under the code sections, and then you must prove the elements of fraud in order to meet the requirements of the statute. So that's my — so that's my question, because you have to prove elements in this claim. It's not like, here's my judgment, please stamp it non-dischargeable. My State court judgment is non-dischargeable, as I have to prove that the — that there was fraudulent conduct, which makes this judgment or this — this dollar amount is my non-dischargeable debt harm, which should be not discharged. So you have to, like, prove a lawsuit, don't you? Yes, Judge. I would — I would say you absolutely have to. One of the things Judge Jaroslawski was the judge for many years up in Santa Rosa and a friend, and he would often — he knew me for many years, and he would sometimes yell at me from the bench, saying the judgment doesn't prove anything. You have to prove the fraud. Yes. Now, whether you're going to characterize that as a cause of action for fraud, I would say no, because you don't get any damages if you're successful. Rather, you have — you are having a judicial determination by the bankruptcy court that this judgment will not be part of the discharge. So it's carved out. Are you saying that this is, in essence, a collection action, part of the collection process? No, I would not say that, because then you would have a separate basis for attorney's fees under California law. Enforcement of judgments does give rise to it, but that was not presented in the — to the bankruptcy court, a recovery of attorney's fees for enforcement of a judgment and so forth. At least it wasn't stated in the motion. We just had 1021 and 523. So I don't think that issue is before the Court. But what I'm looking at is that you do have to prove fraud, but in my thinking, a fraud cause of action is where someone has, you know, committed fraud and you're seeking damages as a result of that fraud. The judgment in this case had already made a decision as to who prevailed and who didn't. And that — that extinguishes the contract under the merger doctrine, because now it's an action on the judgment, not an action on the contract. And that's where the right to attorney's fees ends under the Jaffe case. And, again, the other case that you cited, Your Honor, I'm not familiar with it, but I'm hoping it says the same thing. Well, and it does talk about the collection action aspect, but it does cite — it's a BAP case that does cite favorably to Jaffe. Counsel, if you've got your pencil there, I'm going to spell it for you. Sure. T-I-N-A-J-E-R-O. In re tenjaro. It's out of the BAP, August 4th, 2020. What was the site? It's 2020 WL 467-3235. You'll find it in Westlaw. It's — we didn't — the panel didn't publish it. It wasn't published. Oh, I'll be looking it up on my cell phone walking out to the car. But what I want to — the argument — the reason we're here today is that I'm not entirely sure that the bankruptcy court knew what to do with this situation. And my instinct is to say that Judge Lafferty erred on the side of caution, saying we've got three different contracts here. They're in evidence. All of them have attorney's fees provision. One of them must apply. And because we started this action on a judgment, not on a contract. In fraud, that's where there's someone that's inducing someone to give you goods or services under false pretenses, and damages are the result. In a judgment, you're coming into the bankruptcy court with a document where a judge has already made a decision, considered the evidence, and rendered a decision. You're no longer seeking to enforce the contract provisions. Instead, you are seeking to enforce the judgment, or at least have it nondischargeable. That's not an action. I believe that's what the basis is, is that you have to go back to that document. It is so — I mean, it is the genesis of the action for a fraud, isn't it? Yes, Your Honor, it would be the genesis of it. And the thing — but the evidence as to what led to the judgment will be the same evidence that leads to a nondischargeability action. That is, what happened — you know, what was the evidence presented to the trial court to produce the State court judgment? And that is the eviction and the unlawful detainer action. The evidence is the same. But the remedy that's being sought is very different. It's not — it's not pursuant to 1021 or to enforce a contract. So, for example, there was no dispute as to whether or not there were — So why do you even look at California law at all? Because I'm hearing — what I'm hearing you say is that, really, this is a Federal discharge action. It absolutely is, Judge. And I believe — I think it was the Terranova case. The Ninth Circuit map denied attorneys' fees. Finding the debtor had not committed fraud did not depend on the enforcement or interpretation of the terms of that agreement. That's what's going on here. The terms of the agreement were not at issue. The formation of the contract was not at issue. It was not an enforcement action on the contract, which would give rise to attorneys' and the contract terms themselves. In this instance, as I read it, it was purely a question of Federal law, purely a question of non-dischargeability and the application of 523. You're past your time. I am. But I want to pick that thread, if I may. Sure. If you had won, though, you would have asserted it — would you have asserted it under 685? I don't think it would be 685. We did plead it. Again, that's more of me trying to keep my malpractice carrier happy, because if a plaintiff has a claim and you don't assert it, they're stopped from doing it, boom, they're coming after me. But in this instance, I'm not sure we would have recovered them. And 685 might have applied. But again, that's not before the Court. That wasn't the subject or the basis of the motion that was presented. No, but as Judge Brand has indicated, you've raised the matter of Deepwater. Yes. And there's a lot to it. And it seems like it's all questions of law. I believe that's correct, Your Honor. So we just need to make sure we get this right. Okay. Well, I am out of time. Thank you. Thank you very much.  Morning. May it please the Court. I'm Steve Olson. I represent the appellees, the Chapter 7 debtors, the slaves. Here, the claims in the complaint were that in the three transaction documents, my clients made misrepresentations to the appellant. This case is obviously arising out of those documents. What does that mean? Well, it means in dischargeability cases, whether attorney's fees can be recovered depends on the nature of the agreement, if you're asserting contract-based recovery. But you're not asserting an unliquidated claim for fraud under State law. That battle was fought and won, hasn't it? I mean, that was the U.D. action. There was a judgment on that. All things related to that that could or were brought are precluded and done. Well, unlawful detainer is very limited jurisdiction. It's about possession. And incidentally, there can be some unpaid rent that's recovered. But that's it. But it's the same facts. What you choose to bring with it is your call. And you are not asking for ñ there was not a State law claim for damages for fraud. Right? It was for the U.D., and now it's non-dischargeability. So this is a Federal cause of action. Well, 523 claims are Federal claims. But the cases say if the documents have a broad enough attorney's fees provision, then the attorney's fees are recoverable in 523 actions. What's your best case for one of those situations where the claim was liquidated prepetition? So the only matter arising in front of the bankruptcy court is a non-dischargeability action. Well, I think the Davis case is the one that's most on point. And the facts are a little bit muddy. But in Davis, there was non-bankruptcy litigation, and there was dischargeability. And in the Davis case, the debtors prevailed on the dischargeability action, and they recovered attorney's fees under an arising under contract. The bankruptcy court decision was published. The BAP affirmed in an unpublished decision, and the Ninth Circuit affirmed in an unpublished decision. Importantly, in the Ninth Circuit's affirmance, it addressed this issue of did the contract go away when there was a non-bankruptcy judgment. And the Ninth Circuit said what merged into the judgment was only the claims that were brought in that litigation. The contract itself didn't go away. So here, again, we had a prepetition unlawful detainer action to get possession of the property. And the landlord prevailed, received the judgment for around $25,000 of rent and around $25,000, ironically, of contractual attorney's fees. But that's the limited res judicata effect of that unlawful detainer judgment. I think the Davis case, and particularly the Ninth Circuit's affirmance, makes clear the fact that there was a prepetition unlawful detainer judgment does not eliminate the contractual right for the prevailing party in this adversary proceeding.  As to the prevailing party, let me ask you a couple questions or a question. The action arising out of the contract was brought in state court, correct? It wasn't an action arising out of the contract. It was an action for possession of the property. What was the basis for the judgment? The basis for the judgment was, landlord, you're entitled to possession. Because they had a contract that was being enforced. Well, and they got rent actually at the value of occupancy of the property during the pendency of the unlawful detainer action. Who was the prevailing party in the state court action? The landlord. Right. So in state court, what if the landlord had won on a breach of contract and tort claim but lost on fraud, but they still got a judgment? Who would be the prevailing party? If you went out of two out of three causes of action and you get your judgment for the full amount you've claimed, but you didn't get it on fraud, who would be the prevailing party? Well, in the state court, if there had been, instead of an unlawful detainer, limited jurisdiction proceeding. Well, take it as a hypothetical question. If there had been litigation asserting contract and fraud claims and the plaintiff prevailed on the contract claims but didn't prevail on the fraud claims, I think the plaintiff probably would have been entitled to recover contractual attorney's fees under the arising under agreement.  Because they prevailed on getting their full amount of their damage claim. Well, it's, I think the agreement says in an action arising out of this agreement, the prevailing party is entitled to recover fees. It's not limited to contract claims versus tort claims. The superior court would have had to decide who was the prevailing party here when the plaintiff won on some claims and the defendant won on others. And that would have, I think, determined who would have received attorney's  In the action before Judge Lafferty, doesn't that arise out of the bankruptcy code and not out of the contract? Doesn't that arise pursuant to Section 523? Well, I think it arises out of both the code and the contract. The claims made in the complaint were that in the four corners of the documents you misled us. Those claims were established to be not true. And that's why on the merits my clients got summary judgment. But that's what was alleged is in these documents you lied to us. But they're not, they didn't bring that 523 action saying you lied to us and therefore we should get a judgment. They already had a judgment. They did. And what they said is you lied to us and that lie means the judgment we got you can't wipe out in bankruptcy. Right. So let me ask you another question. We've got the Jaffee case which says that the judgment extinguishes all further contractual rights. It all merges together and there's no further right to attorney's fees after you get the judgment which is the case that the appellant is relying on. And we've got the Davis case which is a Ninth Circuit case but it relies on some other language and it doesn't interpret the California law that broadly. It says, as you pointed out, only those claims that were actually litigated are merged. Right? Right. So how do we reconcile that, those two cases? Well, what's important is the first litigation in Jaffee wasn't in the limited jurisdictional context of unlawful detainer. Right, but we have a broad, broad statement in Jaffee that says, I mean, the statement literally is the judgment extinguishes all further contractual rights. And then I've got this — there's another appellate level, not Supreme Court of California case, that says, well, maybe that's too broad and it really is just those that are, you know, that were decided and then the Davis picks that up. We have to decide what, if we can, what the California Supreme Court would do with this issue. Well, it — How do I — how do I decide that? Here's how you decide it. Unlawful detainer, you're limited to collecting unpaid rent only for the year before you file the action. But after you prevail in the unlawful detainer, you are allowed, as the landlord, to sue for rent beyond the limited scope of unlawful detainer. Obviously, the agreement has to survive. Well, counsel, they didn't bring a claim for non-discharge amount in excess of what they got in the unlawful detainer action. I mean, that's the amount. The amount was determined in the unlawful detainer action. They're not asking for more than that. I understand. Okay. So if the unlawful detainer action is limited to X dollars, they could have maybe gotten 2X dollars if there's holdover after the fact or some damages at the premises or something. But they didn't ask for 2X. They're only asking for non-dischargeability of the amount that was determined in the unlawful detainer action. And there's no question about that amount. That amount's not an appeal. That amount was decided finally by the State court. What's important is not what the plaintiff did but what the plaintiff could have done. What was the scope of the unlawful detainer judgment? And the scope was limited. The res judicata effect of an unlawful detainer judgment is limited. Okay, but that limited amount is all that they were asking for in the bankruptcy action to be determined to be non-dischargeable, correct? They didn't go beyond that. That's correct. And they based the bankruptcy action on the three documents that comprise the party's agreement. Right. And they said in those documents you lied to us, therefore, you can't wipe out our claim against you. Their claim is not based on the documents. Their claim is based on a judgment. They don't have to prove that they are owed money. Now they just have to prove something else other than proving their debt. Their debt's already been proved. Or do they have to prove that that debt came from the fraud, I guess would be kind of an adjunct to that question. Had we not prevailed on the merits and summary judgment, some of those issues might have had to be ironed out. But what we established is there weren't any misrepresentations. So on the merits, some of those other issues Your Honor referenced, Judge Lafferty didn't have to get to them because there wasn't any misrepresentation. All right. Let me ask you a different question, which goes back to that Tenohiro case that I'm going to ask you folks to let me let all of us know how you – if you think it has any application in this case and how. You know, that case seemed to state that basically a 523 action counts as an enforcement action under CCP 685.040, relying on Jaffe. And so in that instance, that would mean the debtor could not recover attorney's fees if it was an enforcement action. Do you think that 523A2A action is – can be considered a collection or enforcement action for purposes of that statute? I don't. I'm vaguely familiar with Tenohiro, but not enough to be able to – but I am very familiar with Davis. And my sense is Davis and Tenohiro are contradictory and that the panel in deciding this will have to decide whether to follow Davis or Tenohiro. Yeah, but you have a couple minutes left if you want to say anything else. I'm happy to answer any further questions the panel may have. Thank you. May it please the Court. First, I was able to find the Tenohiro decision already. I'm quoting from it right now. In that regard, California law may entitle a judgment creditor to attorney's fees and costs incurred in a subsequent 523 action to accept a pre-petition judgment debt from discharge. The purpose of the action is to enforce the judgment, but the same cannot be said for judgment debtor who successfully defends such an action. There is no comparable California statute providing for recovery of attorney's fees and costs. So yet again, another lesson in humility from the Court. Thank you. I'm not saying Tenohiro is right. I'm saying it's out there and we need to figure out – we need to figure this one out. Judge, if I had found this, I would have put it at the front of my brief. I thought that you might have. But again, one of the things that counsel presented during his argument was that he was alleging Davison was contradictory with the holding of Tenohiro. I would quote to you Davison directly at page 725. I'm quoting it. Therefore, in finding no fraud by debtor, the bankruptcy court was not enforcing or interpreting the terms of the agreement. Accordingly, under 1021, debtor was not entitled to recover attorney's fees under the agreement, even though he was the prevailing party. And that's – these two cases, my reading of it based on what – you know, I can't do a full Lexis search here from a phone. But based on this information I've been able to find so far, they appear to say exactly the same thing. An action on a judgment is not an action on a contract. Well, I think you have to be careful there because it's not – nobody is saying that this is a 1717 issue, right?  Right? So if you're – so when you say an action on the contract, I'm not sure if you're talking about 1717 or not, and I can't remember if the case did or not. So I think there's a distinction there. You know, 1021 plus 1032 are broader and kind of do a backdoor in for attorney's fees. Under California law, the parties can contract to agree to pay attorney's fees to the actions, you know, to enforce the contract. It depends on what the language says. And that's what you folks were talking about with Judge Lafferty, and I understand your position on that. Sure. But – so I think you have to read those two cases carefully, bearing in mind, you know, whether we're talking about an action on a contract, which this is not, you know, or whether its contractual language can scoop up the right to attorney's  fees. Well, 1717 is – for example, it creates one of these reciprocal rights.  That is, if it's unilateral, then it becomes bilateral. And the code leaves the attorney's fees recovery to the agreement of the parties. What scope does the agreement provide? And so, yeah, it could go and say, you judge me in enforcing actions, you can get attorney's fees. You can get attorney's fees for anything. But that's not what we have here. And then you're going back to – that's what 1021 or our argument is. 1021, 1717 would all say the terms of the agreement control. That's it. And in this instance, 1021, there is no post-judgment award of attorney's  It's not present in the contract. California, they didn't – the contract does not modify California law to that extent. As a consequence, we're left with 1021 on its face, and then we're left with the decisions that post-judgment attorney's fees are nonrecoverable. And I believe I'm out of time. Yes, you are. Thank you very much. Thank you. So because I did bring this Tenohiro issue on you, I would like to give you the opportunity to submit simultaneous briefs addressing the applicability of the Tenohiro and its analysis to this case. And I hope you got the Westlaw site. Everybody's got it? Okay, good. It's also available on the BAP website if you search under the name Tenohiro. Okay. Oh, yeah, that's right. It's on the BAP's website. So three weeks from today, if you could just both submit briefs, 10 pages or less. And then it will be submitted after we receive your briefs. Yeah. Does anybody have a calendar? I was hoping. I didn't bring my phone. Susan's got it. October 16th. October 16th. All right. Very good. Thank you both very much for your very good arguments. All right.
judges: BRAND, SPRAKER, and CORBIT